## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| AVENTRI, INC | ) | CIVIL NO. 3:18-CV-02071 (KAD) |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| TENHOLDER ET AL | ) | December 18, 2018 |
| Defendant. | ) | |

## ORDER ON PLAINITFF'S MOTION
## FOR TEMPORARY RESTRAINING ORDER

Before the Court is the Application for a Temporary Restraining Order and Preliminary

Injunction (the "Application") filed by the Plaintiff Aventri, Inc. ("Aventri"). The Court has

reviewed the Application and all related filings thereto.

"The traditional standards which govern consideration of an application for a temporary

restraining order … are the same standards as those which govern a preliminary injunction."

*Local 1814, Int'l Longshoremen's Ass'n v. N.Y. Shipping Ass'n, Inc.*, 965 F. 2d 1224, 1228 (2d

Cir. 1992). In order to obtain a preliminary injunction, a party must demonstrate "(1) irreparable

harm in the absence of the injunction and (2) either (a) a likelihood of success on the merits or

(b) sufficiently serious questions going to the merits to make them a fair ground for litigation and

a balance of hardships tipping decidedly in the movant's favor." *MyWebGrocer, L.L.C. v.*

*Hometown Info., Inc.*, 375 F.3d 190, 192 (2d Cir. 2004) (quoting *Merkos L'Inyonei Chinuch, Inc.*

*v. Otsar Sifrei Lubavitch, Inc.*, 312 F.3d 94, 96 (2d Cir. 2002)). Pursuant to Fed. R. Civ. P. 65(b),

the Court makes the following findings:

Aventri provided notice via electronic mail and FedEx delivery of this Application to the

Defendants Michael Tenholder ("Mr. Tenholder") and counsel for Cvent, Inc. ("Cvent")

(collectively, the Defendants) on December 17, 2018. An electronic summons was issued in accordance with Fed. R. Civ. P. 4 and D. Conn. L. Civ. R. 4 as to the Defendants on December 18, 2018. The Defendants have not yet appeared.

Aventri has demonstrated a sufficient likelihood of success on the merits on the breach of contract cause of action.

Aventri has established a sufficiently serious question of whether Mr. Tenholder is in violation of the Federal Defend Trade Secrets Act, 18 U.S.C. § 1836 and the Connecticut Uniform Trade Secrets Act, Conn. Gen. Stat. Ann. §§ 35-50 to 35-58, making those questions a fair ground for litigation. The Court makes no finding regarding claims brought against the Defendants pursuant to the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. §§ 42-110a *et seq*.

The Plaintiff will suffer significant and substantial irreparable harm if temporary relief is not granted.

The hardship to the Defendants occasioned by this grant of temporary relief is *de minimus,* in light of the scope of the relief granted.

There is a substantial public interest in the protection of trade secrets and proprietary information as well as the enforceability of contracts.

Effective immediately and at least until such time as a hearing is convened on the Application, it is hereby **ORDERED**:

Mr. Tenholder shall not disclose, discuss, copy, use or permit to be used, by any person or entity, any of Aventri's "Confidential Information" as that term is defined in the Obligations Agreement dated August 3, 2015.

To the extent that Cvent is in possession of any of Aventri's Confidential Information as that term is defined in the Obligations Agreement dated August 3, 2015, Cvent shall not disclose, discuss, copy, use of permit to be used, such Confidential Information.

Mr. Tenholder shall not solicit, induce, attempt to solicit or induce, directly or indirectly, current "Customers", as that term is defined in the Obligations Agreement dated August 3, 2015, of Aventri or those persons or entities that were prospective Aventri Customers as of November 12, 2018.

Mr. Tenholder shall not contact any such Customers or prospective Customers for any business reason, if to do so is an act made on behalf of Cvent or other competitor of Aventri.

These restrictions as well as the other restrictions sought by Aventri in the Application shall be further considered by the Court on January 2, 2019 at 10:00 am, at which time the Defendants shall show cause as to why the injunctive relief sought by Aventri should not be ordered and enforced on a preliminary basis during the pendency of this litigation. The temporary relief granted in this order shall expire on January 2, 2019 at 5:00 pm. Aventri shall serve this order on the Defendants on or before December 24, 2018.

**SO ORDERED** at Bridgeport, Connecticut, this 18th day of December 2018.

/S/ Kari A. Dooley
Kari A. Dooley
United States District Judge